IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED-E04
01 JUL 26 PM 3:21
CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| James Madden, ) | |
| Plaintiff, ) | |
| vs. ) | Case No. **01C 5793** |
| Packaging Dynamics, L.L.C. d/b/a Bagcraft, ) | Jury Demand   **JUDGE KOCORAS** |
| Defendants. ) | **MAGISTRATE JUDGE BOBRICK** |

DOCKETED JUL 27 2001

## COMPLAINT

**NOW COMES** Plaintiff, James Madden, by and through his attorneys, PETER ANDJELKOVICH & ASSOCIATES, and for his Complaint, states as follows:

1. Plaintiff, James Madden, is an individual currently residing in Cook County, Illinois.

2. Defendant, Packaging Dynamics, L.L.C. ("PD"), is a limited liability corporation doing business in Cook County, Illinois.

## JURISDICTION AND VENUE

3. This action is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq., the Civil Rights Act of 1991, 42 U.S.C. 1981A, the Americans with Disabilities Act of 1990, 42 U.S.C. §12100, *et seq.*, the Civil Rights Attorneys Fees Award Act of 1976, 42 U.S.C. §1988, and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2611, *et seq.*

4. Jurisdiction of this Court is invoked under 28 U.S.C. §1331.

5.  Venue is proper under 28 U.S.C. §1391(b) in that a substantial part of the events giving rise to the claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

6.  Mr. Madden was hired by Defendant on July 14, 1997 to the position of Truck Driver, whose duties included driving semi tractor trailers over interstate highways.

7.  In or around January 3, 2000, Mr. Madden began experiencing an upper respiratory medical condition which was eventually diagnosed as pneumonia.

8.  Mr. Madden took periodic leaves of absence without pay between early January 2000 and April 2000 because of his pneumonia condition.

9.  Initially during this leave, Mr. Madden first advised Defendant that his physician suspected that he may be suffering from leukemia.

10. Later, Mr. Madden advised Defendant he was diagnosed with pneumonia in both lungs, pleurisy (an inflamation of a membrane near the lungs) and chronic bronchitis.

11. In April 2000, Mr. Madden returned to work with Defendant and several weeks later, was advised by his physician to remain off work several more weeks to receive follow up medical care.

12. On or about May 26, 2000, Mr. Madden advised Defendant he was able to return to work and his supervisor refused to allow his return indicating that there was something else medically wrong with Mr. Madden.

13. On June 13, 2000, Mr. Madden received medical clearance to return to work by a physician Defendant referred Mr. Madden to visit.

14. On June 14, 2000, because of Defendant's repeated refusals to grant Mr.

2

Madden's requests to return to work, Mr. Madden sent Defendant a letter formally requesting he be allowed to return to work. On June 16, 2000, Defendant reassigned Mr. Madden to work.

15. Seven days following his return on June 16, 2000, Defendant terminated Mr. Madden allegedly because he had engaged in an unsafe driving incident.

16. On July 5, 2000, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and an amended charge was filed with the EEOC relating to this matter on July 13, 2000.

17. On or about May 8, 2001, the EEOC issued its "Right to Sue" letter in response to Plaintiff's charges. See attached **Exhibit A**.

## COUNT I
## AMERICAN DISABILITIES ACT

18. Plaintiff incorporates as if fully alleged herein paragraphs 1 through 17 as paragraph 18 of Count I.

19. At the time of the incidents complained of herein, Defendant was an "Employer" as defined in the American with Disabilities Act, 42 U.S.C. §12111(5) (hereinafter referred to as "ADA") and §701(b) of Title VII of the Civil Rights Act of 1964 (Title VII) 42 U.S.C.§2000e(b).

20. At all relevant times prior to his termination from Defendant, Plaintiff was an "Employee" as defined under §12111 of the ADA and §701(f) of Title VII.

21. At all relevant times prior to his termination, Mr. Madden had one or more--and was regarded by Defendant as having one or more--"disabilities" as defined under 42 U.S.C. §12102(2)(A).

22. Throughout his employment with Defendant, Plaintiff performed his duties in a

manner considered acceptable by Defendant and had taken no time off of work from Defendant because of an actual or perceived medical condition before January 2000.

23. Other similarly situated non-disabled employees were not terminated and continued to work for Defendant.

24. Defendant selected Plaintiff for termination because of his regarded and actual disabilities and in retaliation for his request for reasonable accommodation (i.e., time off of work while recuperating).

25. Defendant intentionally and with malice and/or reckless indifference to Plaintiff's rights, discriminated against Plaintiff because of his actual and perceived disabilities by subjecting him to discharge in violation of the ADA and in retaliation for his exercising his rights of requesting and receiving reasonable accommodations for his disabilities.

26. That as a direct and proximate result of Defendant's unlawful discriminatory practices, Plaintiff has suffered compensatory damages which include, but are not limited to, lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life.

27. By reason of the premises and the wrongful, intentional, wilful and reckless acts of Defendant, justice and public good require that in addition to other relief Plaintiff is entitled to, punitive damages should be awarded to him.

WHEREFORE, Plaintiff request that this Court enter judgment in favor of Plaintiff and against Defendant and that Plaintiff be awarded the following relief:

    a. That Defendant reinstate Plaintiff to a position comparable to what he would have had at a rate of pay comparable to what he would be receiving if not for the violation committed against him by Defendant.

b.     That Defendant pay to Plaintiff a sum equal to any loss of wages or bonuses he has suffered as a result of the violations committed against him by Plaintiff.

c.     That Defendant reinstate Plaintiff's coverage under all insurance, pension and other benefit policies heretofore canceled by Defendant, that Defendant compensate Plaintiff for any and all expenses or losses incurred by Plaintiff as a result of his loss of insurance and pension benefits, and to reinstate Plaintiff to a position in the pension plan he would have enjoyed but for his unlawful termination.

d.     That Defendant clear from Plaintiff's personnel records all reference to the filing of this Complaint or charges of discrimination.

e.     That Defendant cease and desist from discriminating on the basis of disability in its employment practices and in retaliation for employees exercising their rights under the ADA.

f.     That Defendant pay to Plaintiff reasonable attorneys fees and expert costs and other costs incurred as a result of the violation alleged herein.

g.     That Plaintiff be awarded such other compensatory and punitive damages as this Court finds warranted as a result of Defendant's unlawful actions.

h.     For an award of pre- and post-judgment interest; and

i.     That such further relief be granted as may be necessary to make Plaintiff whole.

## COUNT II
### Family and Medical Leave

28. Plaintiff incorporates paragraphs 1 through 17 as paragraph 28 as if fully set forth herein.

29. Plaintiff, at the time of his termination and at all relevant times hereto, was an "eligible employee" under section 2611 of the Family and Medical Leave Act of 1993, as amended ("FMLA"), 28 U.S.C. §2611(2)(A).

30. At all relevant times, Defendant was an "Employer" under the FMLA as defined

by 28 U.S.C. §2611(4).

31. Between January and June 23, 2000, plaintiff exercised his rights to take FMLA leaves of absences and took a total of twelve unpaid weeks of leave absence due to his qualifying medical conditions.

32. Defendants willfully, intentionally, knowingly and unlawfully terminated Plaintiff for taking authorized leave under the FMLA in violation of 29 U.S.C. §2615.

WHEREFORE Plaintiff prays that judgment be entered in his favor and against Defendants and that he be awarded the following relief:

A. Reinstatement to the last held position by Plaintiff or a substantially equivalent position;

B. An award equal to the wages, salary, employment benefits or other compensation denied and lost by Plaintiff by reason of the above violations;

C. Interest accrued on the amounts awarded under paragraph B above;

D. Liquidated damages in an amount equivalent to the sum of paragraphs B and C above.

E. Attorneys fees, expert costs and other costs incurred by Plaintiff; and

F. Such further relief as this Court deems equitable and just.

Respectfully submitted,
**James Madden**

By: _____
One of his attorneys

PETER ANDJELKOVICH & ASSOCIATES
Attorney for Plaintiff, James Madden
39 South LaSalle Street, Suite 200
Chicago, IL 60603
312/ 782-8345

A:\Madden\Complaint.wpd(BWdsk11)



8/3/01

## Equal Employment Opportunity Commission

### DISMISSAL AND NOTICE OF RIGHTS

To: CERTIFIED MAIL NO.: 7099-3400-0006-7310-1172 CP ATTY.    From:

James E. Madden
15824 Orland Brook
Orland Park, Illinois   60462

Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street, Suite 2800
Chicago, Illinois 60661-2511

[ ]   *On behalf of a person aggrieved whose identity is*
      *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210A03823 | Mr. Scott Sommers, Enforcement Supervisor | (312) 886-9117 |

*(See the additional information attached to this form.)*

YOUR CHARGE IS DISMISSED FOR THE FOLLOWING REASON:

[ ]   The facts you allege fail to state a claim under any of the statutes enforced by the Commission

[ ]   Respondent employs less than the required number of employees.

[ ]   Your charge was not timely filed with the Commission, *i.e.*, you waited too long after the date(s) of the discrimination you alleged to file your charge. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ]   You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conferences, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your charge. You have had more than 30 days in which to respond to our final written request.

[ ]   The Commission has made reasonable efforts to locate you and has been unable to do so. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ]   The respondent has made a reasonable settlement offer which affords full relief for the harm you alleged. At least 30 days have expired since you received actual notice of this settlement offer.

[x]   The Commission issues the following determination: Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

[x]   Title VII and/or the Americans with Disabilities Act: This is your NOTICE OF RIGHT TO SUE, which terminates the Commission's processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice; otherwise your right to sue is lost.

[ ]   Age discrimination in Employment Act: This is your NOTICE OF DISMISSAL OR TERMINATION, which terminates processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice; otherwise your right to sue is lost.

[ ]   Equal Pay Act (EPA): EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

5/7/01

On behalf of the Commission

John P. Rowe, District Director

Enclosures
  Information Sheet
  Copy of Charge
cc: Respondent(s)        Packaging Dynamics



EXHIBIT A

EEOC Form 161 (Test 5/95)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet



This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s):** James E. Madden

**Defendant(s):** Packaging Dynamics, L.L.C. d/b/a Bagcraft

County of Residence: Cook

County of Residence: Cook

**Plaintiff's Atty:**
Bradley Wartman
Peter Andjelkovich & Associates
39 S. LaSalle St., Suite 200
Chicago, IL 60603

**Defendant's Atty:**
Steven L. Brenneman
Matkov, Salzmanm, Madoff & Gunn
55 W. Monroe St., Suite 2900
Chicago, IL 60603

DOCKETED JUL 2 7 2001

**II. Basis of Jurisdiction:** 3. Federal Question (U.S. not a party)

**III. Citizenship of Principle Parties** (Diversity Cases Only)
Plaintiff:- N/A
Defendant:- N/A

01C 5793

JUDGE KOCORAS

MAGISTRATE JUDGE BOBRICK

**IV. Origin :** 1. Original Proceeding

**V. Nature of Suit:** 442 Employment

**VI. Cause of Action:** Americans with Disabilities Act (42 U.S.C. §12100) and Family Medical Leave Act (29 U.S.C. §2611)

**VII. Requested in Complaint**
Class Action: No
Dollar Demand:
Jury Demand: Yes

**VIII.** This case **Is NOT** a refiling of a previously dismissed case. (If yes case number ___ by Judge ___)

Signature: [signature]
Date: 7/26/01

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
## Eastern Division

In the Matter of

James Madden
v.
Packaging Dynamics, L.L.C. d/b/a Bagcraft

**DOCKETED**
JUL 2 7 2001

Case Number: **01C 5793**

**JUDGE KOCORAS**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiff, James Madden

**MAGISTRATE JUDGE BOBRICK**

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Bradley Wartman | NAME: Peter Andjelkovich |
| FIRM: Peter Andjelkovich & Associates | FIRM: Peter Andjelkovich & Associates |
| STREET ADDRESS: 39 S. LaSalle St., Suite 200 | STREET ADDRESS: 39 S. LaSalle St., Suite 200 |
| CITY/STATE/ZIP: Chicago, IL 60603 | CITY/STATE/ZIP: Chicago, IL 60603 |
| TELEPHONE NUMBER: (312) 782-8345 | TELEPHONE NUMBER: (312) 782-8345 |
| IDENTIFICATION NUMBER: 06196165 | IDENTIFICATION NUMBER: 03125947 |
| MEMBER OF TRIAL BAR? YES ✔ | MEMBER OF TRIAL BAR? YES ✔ |
| TRIAL ATTORNEY? YES ✔ | TRIAL ATTORNEY? YES ✔ |
| | DESIGNATED AS LOCAL COUNSEL? |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER | IDENTIFICATION NUMBER |
| MEMBER OF TRIAL BAR? | MEMBER OF TRIAL BAR? |
| TRIAL ATTORNEY? | TRIAL ATTORNEY? |
| DESIGNATED AS LOCAL COUNSEL? | DESIGNATED AS LOCAL COUNSEL? |

FILED JUL 26 2001 U.S. DISTRICT COURT